IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LYNN DENNY, SR., ) | |
| Petitioner, ) | Civil Action No. 11-144 Erie |
| ) | |
| v. ) | District Judge Sean J. McLaughlin |
| ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, et al., ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.       RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

**II.      REPORT**[1]

    **A.      Relevant Background**

Petitioner, Jeffrey Lynn Denny, Sr., is a state prisoner currently incarcerated at the State Correctional Institution in Cresson, Pennsylvania. He is serving a judgment of sentence of 3-10 years, which was imposed by the Court of Common Pleas of Venango County on September 17, 2007, following a jury trial in which "[t]he victim … testified that when he was less than thirteen years of age he went alone into Denny's bedroom and that Denny, who was more than eighteen years of age, stuck his hands down the victim's pants and touched the victim's penis and buttocks." (Commonwealth v. Denny, No. 1274 WDA 2009, slip op. at 5 (Pa.Super. Nov. 15, 2010)). The jury convicted Denny of one count each of Terroristic Threats, Indecent Assault, and Corruption of Minors.

---

[1]      Respondents have submitted all relevant transcripts and the Common Pleas Court's file. The state court documents cited herein are contained in that file.

1

Amy J. Johnston, Esquire, was Denny's defense counsel. She did not file a direct appeal on his behalf. On June 16, 2008, Denny filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he raised numerous claims that Attorney Johnston was ineffective. The court appointed Matthew C. Parson, Esquire, to represent Denny, and Parson filed an Amended PCRA Motion, in which it was claimed, *inter alia*, that Attorney Johnston was ineffective for failing to preserve Petitioner's direct appeal rights. (2/10/2009 Amended PCRA Motion at 2).

The PCRA Court held an evidentiary hearing on January 30, 2009. Following that hearing, the PCRA Court issued an Opinion and Order, holding:

> Based on this record, this Court finds that trial counsel was ineffective for failing to file a direct appeal. In the alternative, this Court finds that trial counsel was ineffective for failing to consult with the Petitioner regarding an appeal where she had reason to believe that the Petitioner was interested [in] an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.E.2d 985 (2000).

(Commonwealth v. Denny, No. 108-2007, slip op. at 4-5 (C.P. Venango June 26, 2009)). As relief, the PCRA Court reinstated Denny's direct appeal rights *nunc pro tunc*.

In his direct appeal, Denny, through Attorney Parson, claimed that: (1) there was insufficient evidence to convict him of the crimes of Indecent Assault and Corruption of Minors when the victim's statements were inconsistent and he (Denny) had testified that children were never permitted to enter his room due to the drugs kept in that room; and, (2) the trial court erred by not permitting the defense to enter into evidence a Children and Youth Services' Report. Parson subsequently petitioned to withdraw as Denny's counsel and submitted an Anders brief in which he contended that in his opinion the appeal was frivolous.

On November 15, 2010, the Superior Court issued a Memorandum in which it affirmed Denny's judgment of sentence. It granted Parson's petition to withdraw and denied Denny's claims on the merits. (Denny, No. 1274 WDA 2009, slip op. at 2-5). Denny did not file a petition for allowance of appeal

2

with the Supreme Court of Pennsylvania. Nor did he file another PCRA motion, in which he could have raised claims of ineffective assistance of trial counsel. See, e.g., Commonwealth v. Grant, 813 A.2d 726 (2002). See also Commonwealth v. Liston, 977 A.2d 1089, 1094-95 (Pa. 2009).

Pending before the Court is Denny's petition for a writ of habeas corpus [ECF No. 7], which he has filed pursuant to 28 U.S.C. § 2254. Denny contends once again that Johnston was ineffective for "fail[ing] to file a direct appeal." [ECF No. 7 at 5]. Because the state court already determined that this claim had merit and reinstated his direct appeal rights *nunc pro tunc*, this claim is moot. Denny also contends that Johnston was ineffective for: (1) "fail[ing] to interview witnesses and investigate the government's case"; (2) "fail[ing] to object to hearsay statements entered under the police's testimony"; and, (3) "fail[ing] to introduce [into] evidence [a] report which states [that the] alleged victim didn't appear to show signs of having been molested." [ECF No. 7 at 5-10].

Respondents have filed their Answer [ECF No. 13], in which they contend that Denny's claims are procedurally defaulted. Denny did not file a Reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply … within 30 days of the date the respondent files its Answer.").

**B.     Discussion**

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a

3

> federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement generally means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then to the Superior Court either on direct or PCRA appeal. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Denny did not properly raise any of the claims at issue to the state court. After the Superior Court affirmed his judgment of sentence on November 15, 2010, and his direct appeal concluded, he could have filed another PCRA motion and litigated his claims of ineffective assistance of trial counsel. Grant, 813 A.2d at 738-39. He did not pursue that option. Because he did not, his claims are procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

4

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also House v. Bell, 547 U.S. 518 (2006); Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. Denny does not argue that he can overcome his default under either the "cause" and "actual prejudice" or the "miscarriage of justice" exceptions.

Based upon all of the forgoing, aside from Denny's moot claim that Johnston was ineffective for failing to file a direct appeal, the remainder of Denny's claims should be denied because they are procedurally defaulted.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds

5

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Denny's claims should be denied. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 9, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge